# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| VILOX TECHNOLOGIES, LLC AND<br>VILOX, LLC,<br>Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No. 6:22-cv-01254<br>)<br>) |
| ORACLE CORPORATION,<br>Defendant. | ) JURY TRIAL DEMANDED<br>) |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

VILOX, LLC ("Vilox" or "Plaintiff") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 6,760,720 ("the '720 patent") and U.S. Patent No. 7,188,100 ("the '100 patent") (referred to as the "Patents-in-Suit") by Oracle Corporation. ("Oracle" or "Defendant").

**I.      THE PARTIES**

1. Plaintiff Vilox Technologies, LLC is a Texas Limited Liability Company with its principal place of business located in Austin, Texas.

2. Plaintiff Vilox, LLC is a Texas Limited Liability Company with its principal place of business located in Austin, Texas. Collectively, Vilox Technologies, LLC and Vilox, LLC are referred to as Vilox.

3.      On information and belief, Oracle is a corporation organized under the laws of the State of Delaware having a principal place of business at 2300 Oracle Way, Austin, Texas 78741. On information and belief, Oracle sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district. Oracle can be served with process through their registered agent, Corporation

1

Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever they may be found.

## II.     JURISDICTION AND VENUE

4. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claims arise under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

5. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b).  Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

## III.    INFRINGEMENT - Infringement of the '720 Patent

7. On July 6, 2004, U.S. Patent No. 6,760,720 ("the '720 patent", attached as Exhibit A) entitled "Search-on-the-Fly/Sort-on-the-Fly Search Engine for Searching Databases," was duly

and legally issued by the U.S. Patent and Trademark Office. Vilox owns the '720 patent by assignment.

8.  The '720 patent relates to a novel and improved method and apparatus for conducting on-the-fly searches providing users with an intuitive mechanism for searching databases, allowing a user to access data in the database without having to know the structure of the database.

9.  Oracle makes, uses, sells and/or offers for sale within this District and elsewhere in the United States and/or imports into this District and elsewhere in the United States, products or services that, among other features, includes receiving a selection of one or more databases, generating a list of data fields that include a descriptor indicating a data category, receiving a search selection for a data field from the list of data fields, determining a quantity of entries in the selected database field, determining if the number of entries in the database field is equal to or less than a specified number of entries or if the number of entries does not exceed the specified amount, and if in excess of the specified amount reducing the number of characters displayed to the user, that infringes one or more of claims 1-39 of the '720 patent, including one or more of those claims, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '720 patent into service (i.e., used them); but for Defendant's actions, the claimed-invention embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

10. The Accused Instrumentalities are embodied in Oracle Database products and Oracle ATG Platform products and generally relate to retrieval, search, generation of results, and

truncation of displayed characters performed within Oracle Database products and Oracle ATG Platform products.

11. Support for the allegations of infringement may be found in the charts attached as Exhibits B and C.

12. These allegations of infringement are preliminary and are therefore subject to change.

13. Defendant's infringing actions are without license and authorization.

14. Defendant has and continues to induce infringement from at least the filing date of the lawsuit against Costco Wholesale Corporation ("Costco"). Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., via Oracle Database products and Oracle ATG Platform products implementing a method to retrieve, and search records, generate results, and display results) and related products and services such as to cause infringement of one or more of claims 1-39 of the '720 patent, literally or under the doctrine of equivalents. Defendant, from at least the filing date of the lawsuit against Costco Wholesale Corporation ("Costco"), has continued to encourage and instruct others on how to use the products showing specific intent. Moreover, Defendant has known of the '720 patent and the technology underlying it from at least the filing date of the lawsuit against companies using Oracle Database products and Oracle ATG Platform products, such as Costco Wholesale Corporation ("Costco").[1]  For clarity, direct infringement is previously alleged in this complaint.

15. Defendant has and continues to contributorily infringe from at least the filing date of the lawsuit against Costco. Defendant has actively encouraged or instructed others (e.g., its

---

[1] Plaintiff reserves the right to amend and add inducement pre-suit if discovery reveals an earlier date of knowledge.

customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., via Oracle Database products and Oracle ATG Platform products implementing a method to retrieve, and search records, generate results, and display results) and related products and services such as to cause infringement of one or more of claims of the '720 patent, literally or under the doctrine of equivalents. Defendant, from at least 2017, has continued to encourage and instruct others on how to use the products showing specific intent. Further, there are no substantial noninfringing uses for Defendant's products and services. Moreover, Defendant has known of the '720 patent and the technology underlying it from at least the filing date of the lawsuit against Costco.[2] For clarity, direct infringement is previously alleged in this complaint.

16. Defendant has caused and will continue to cause Vilox damage by direct and indirect infringement of (including inducing infringement of) the claims of the '720 patent.

**IV.     INFRINGEMENT - Infringement of the '100 Patent**

17. On March 6, 2007, U.S. Patent No. 7,188,100 ("the '100 patent", attached as Exhibit D) entitled "Search-on-the-Fly Report Generator," was duly and legally issued by the U.S. Patent and Trademark Office. Vilox owns the '100 patent by assignment.

18. The '100 patent relates to a novel and improved method and apparatus for taking the results of a search using a search-on-the-fly search engine (or other search engine), generating a search result that includes descriptors of data categories, and creating a template that includes a link or path to one or more fields in one or more databases.

19. Oracle makes, uses, sells and/or offers for sale within this District and elsewhere in the United States and/or imports into this District and elsewhere in the United States, products or services that, among other features, includes receiving a database query, searching a database on-

---

[2] Plaintiff reserves the right to amend and add inducement pre-suit if discovery reveals an earlier date of knowledge.

the-fly based on the query using a search-on-the-fly search engine (or other search engine), tweaking the received query to generate a defined query of the database, accessing the database using the defined query, generating a search result that includes descriptors of data categories, and creating a template that includes a link or path to one or more fields in one or more databases, that infringes one or more of claims 1-38 of the '100 patent, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '100 patent into service (i.e., used them); but for Defendant's actions, the claimed-invention embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

20. The Accused Instrumentalities are embodied in Oracle Database products and Oracle ATG Platform products and generally relate to retrieval, search, generation of results, and truncation of displayed characters performed within Oracle Database products and Oracle ATG Platform products.

21. Support for the allegations of infringement may be found in the charts attached as Exhibits E and F.

22. These allegations of infringement are preliminary and are therefore subject to change.

23. Defendant's infringing actions are without license and authorization.

24. Defendant has and continues to induce infringement from at least the filing date of the lawsuit against Costco Wholesale Corporation ("Costco"). Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., utilizing search features and report

features embodied in Defendant's products or services) and related products and services such as to cause infringement of one or more of claims 1-38 of the '100 patent, literally or under the doctrine of equivalents. Defendant, from at least the filing date of the lawsuit against Costco, has continued to encourage and instruct others on how to use the products showing specific intent. Moreover, Defendant has known of the '100 patent and the technology underlying it from at least the filing date of the lawsuit against Costco.[3] For clarity, direct infringement is previously alleged in this complaint.

25.     Defendant has and continues to contributorily infringe from at least the filing date of the lawsuit against Costco. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., utilizing search features and report features embodied in Defendant's products or services) and related products and services such as to cause infringement of one or more of claims of the '100 patent, literally or under the doctrine of equivalents. Defendant, from at least 2017, has continued to encourage and instruct others on how to use the products showing specific intent.  Further, there are no substantial noninfringing uses for Defendant's products and services.  Moreover, Defendant has known of the '100 patent and the technology underlying it from at least the filing date of the lawsuit against Costco.[4] For clarity, direct infringement is previously alleged in this complaint.

26.     Defendant has caused and will continue to cause Vilox damage by direct and indirect infringement of (including inducing infringement of) the claims of the '100 patent.

## V.     JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right.

---

[3] Plaintiff reserves the right to amend and add inducement pre-suit if discovery reveals an earlier date of knowledge.
[4] Plaintiff reserves the right to amend and add inducement pre-suit if discovery reveals an earlier date of knowledge.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the '720 patent and the '100 patent through selling, offering for sale, manufacturing, and inducing others to infringe by using and instructing to implement a method to retrieve, and search records using a search-on-the-fly search engine (or other search engine), generating a search result that includes descriptors of data categories, and creating a template that includes a link or path to one or more filed in one or more databases;

b. award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the Patents-in-Suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award Vilox its attorneys' fees, expenses, and costs incurred in this action;

e. declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f. a decree addressing future infringement that either (if) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in

   an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g.  award Vilox such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        **Ramey LLP**

        */s/ William P. Ramey, III*
        William P. Ramey, III
        Texas Bar No. 24027643
        wramey@rameyfirm.com
        5020 Montrose Blvd., Suite 800
        Houston, Texas 77006
        (713) 426-3923 (telephone)
        (832) 900-4941 (fax)

        ***Attorneys for VILOX, LLC***